UNITED STATES of America,
Plaintiff–Appellee,

v.

William L. SEXTON, Defendant–
Appellant.

No. 92–3716.

United States Court of Appeals,
Seventh Circuit.

Submitted July 20, 1993.*

Decided Aug. 11, 1993.

Rodger A. Heaton, Asst. U.S. Atty., Lee H. Dodd, Springfield, IL, for U.S.

James E. Elmore, Elmore & Reid, Springfield, IL, for William L. Sexton.

Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.

PER CURIAM.

William Sexton pleaded guilty to conspiring to possess cocaine with the intent to

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs.

distribute it and to possessing a firearm in relation to a drug crime. Because Sexton previously had been convicted of four burglaries—three in Sangamon County and one in Logan County—the court sentenced him as a career offender pursuant to U.S.S.G. § 4B1.1. Sexton argues on appeal that the court erred by counting these four burglaries as separate offenses when it should have counted them as "related cases" as defined in U.S.S.G. § 4A1.2(a)(2). The cases are related, argues Sexton, because he committed them with the same confederates, within a three-week time frame, using the same fence, at the same time of day, taking the same types of property from rural residences, using the same get-away car, and with the same motive to make money. Sexton adds the alternative argument that because his sentence for the Logan County burglary ran concurrently with the sentences for the Sangamon County burglaries they should be deemed related cases.

 Cases are "related" under the Guidelines "if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, comment. (n. 3). Sexton tries to fit his first argument into the second definition of related, "a single common scheme or plan." The factors that Sexton points to indeed show that he committed like crimes that were close in time and similar in style. But crimes are not related just because they have similar modus operandi, *United States v. Woods*, 976 F.2d 1096, 1099 (7th Cir.1992), or because they were part of a crime spree. *United States v. Ali*, 951 F.2d 827, 828 (7th Cir.1992). Sexton must show that his crimes were jointly planned or that the commission of one entailed the commission of another. *Woods*, 976 F.2d at 1099. There is no evidence to satisfy that burden.

■ Sexton tries to fit his second argument into the third definition of related. The courts that have faced this argument have held that concurrent sentences do not automatically create cases consolidated for sentencing. *United States v. Davis*, 922 F.2d 1385, 1390 (9th Cir.1991); *United States v.*

*Jones*, 899 F.2d 1097, 1101 (11th Cir.1990), *see also United States v. Kinney*, 915 F.2d 1471, 1472 (10th Cir.1990) ("a merely concurrent sentence of the same number of years given by a separate jurisdiction at a different date is not consolidated for sentencing"). We agree. Sexton's cases were not consolidated for sentencing, and as we have stressed already, there is nothing further that would make these cases "related" in the sense meant by the Guidelines. *See Woods*, 976 F.2d at 1101–02 (discussing natural breadth of the definition of "related").

AFFIRMED.