46 F.3d 1152
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leon Lamont NELSON, Defendant-Appellant.
 No. 94-6105.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1995.
 
 Before MOORE, ANDERSON, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Leon Lamont Nelson appeals the 168-month sentence imposed upon him pursuant to the United States Sentencing Commission, Guidelines Manual (Nov.1993), following his plea of guilty to the charge of distributing cocaine base, in violation of 21 U.S.C. 841(a)(1). He contends that the district court misapplied the Guidelines (1) in determining the quantity of drugs, including quantities considered part of relevant conduct, for the purpose of calculating a base offense level; (2) in treating two adjudications against him, entered at the same time by a juvenile court, as separate offenses for the purpose of calculating his criminal history; and (3) in adding two criminal history points for commission of the instant offense while under a deferred sentence.
 
 
 2
 Paragraphs 31 and 36 of Nelson's presentence report ("PSR") state that Mr. Nelson's charged offense and relevant drug trafficking involved 770 grams of cocaine base.[2] Paragraphs 46 and 47 of the PSR recite the two juvenile adjudications in question, assessing one criminal history point for each offense.
 
 
 3
 Mr. Nelson's counsel filed written objections to the PSR. As to paragraphs 31 and 36, he contended only that Nelson was not part of a conspiracy. He further maintained that the two points added in paragraphs 46 and 47 for prior juvenile convictions were erroneous for the sole reason that they did not result in adult sentences of imprisonment exceeding one year and one month.
 
 
 4
 At sentencing, Mr. Nelson, through counsel, expressly withdrew his objections to these paragraphs of the PSR. R. Vol. XI at 2-5. Having done so, the PSR, which the district court specifically incorporated, id. at 6, establishes the facts. See United States v. Yates, 22 F.3d 981, 989 (10th Cir.1994). The same is true with respect to facts relating to the determination in the PSR that the two juvenile adjudications constituted separate offenses for criminal history purposes. The specific failure to preserve an objection waives these fact-intensive claims. See Fed.R.Crim.P. 32(c)(3)(E); United States v. Deninno, 29 F.3d 572, 580 (10th Cir.1994). And, plain error review is not appropriate. See, e.g., United States v. Easter, 981 F.2d 1549 (10th Cir.1992), cert. denied, 113 S.Ct. 2448 (1993); United States v. Saucedo, 950 F.2d 1508, 1516-17 (10th Cir.1991).
 
 
 5
 Furthermore, as to the juvenile adjudications issue, we recently held in United States v. Alberty, 40 F.3d 1132 (10th Cir.1994), that prior juvenile offenses which were not consolidated for sentencing are not "related" offenses for purposes of USSG 4A1.2(a)(2), where the defendant has failed to show a factual nexus between the prior offenses to demonstrate that they are "related." Id. at 1134-35. Offenses are not considered related simply because the juvenile court makes its adjudication as to both cases on the same day, giving concurrent sentences in both cases. Id. Thus, Nelson's claim on this issue is meritless in any event.
 
 
 6
 Mr. Nelson properly preserved his third argument that the district court improperly applied USSG 4A1.1(d) when it assessed two criminal history points for committing the instant offense while under a deferred sentence. He contends that the deferred sentence referred to in the PSR expired on March 21, 1993, while the counts to which he pled guilty in this case occurred in September 1993. At sentencing, the district court quoted the following commentary to section 4A1.1(d): "Two points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct ) while under any criminal justice sentence ...." The court then had the following colloquy with Nelson's counsel:
 
 
 7
 The Court: "Relevant conduct would be any conduct that is part and parcel of that offense." And I don't think there's any dispute that [Nelson] was involved in conduct--in distribution during the time of the deferred [sentence], is there?
 
 
 8
 Mr. Kinter [Nelson's counsel]: I don't believe so, Your Honor.
 
 
 9
 R. Vol. XI at 3-4 (quoting USSG 4A1.1(d), comment. (4)). Whereupon the court overruled the objection on this issue.
 
 
 10
 In his brief on appeal, Nelson does not contest the validity of the district court's interpretation of the Guidelines, as described above. He essentially just disagrees with the Guidelines, Br. for Appellant at 6, as he did at sentencing: "The Court: But your objection is that you just disagree with that?' Mr. Kissner: Yes sir.' " R. Vol. XI at 4. Obviously, the district court did not err in its application of the Guidelines when, under the admitted facts set forth in the PSR, Mr. Nelson's relevant conduct for the instant offense was occurring on and before March 21, 1993, while Nelson was still under a deferred sentence.
 
 
 11
 For the reasons stated above, the sentence imposed by the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Although only 770 grams of cocaine base were attributable to Nelson for Guideline purposes, investigating agents conservatively estimated that he had distributed 2704 grams over a two-year period. See PSR, 1/231