46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence REED, Defendant-Appellant.
 No. 94-5078.
 United States Court of Appeals, Tenth Circuit.
 Feb. 10, 1995.
 
 Before MOORE, ANDERSON, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Defendant Clarence Reed appeals the district court's denial of his 28 U.S.C. 2255 motion. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 2
 In June 1989, Defendant was convicted by a jury of: (1) possession of cocaine with intent to distribute, 21 U.S.C. 841(a)(1); (2) being a felon in possession of firearms, 18 U.S.C. 922(g); (3) maintaining a place for the purpose of distributing controlled substances, 21 U.S.C. 856; and (4) using firearms during a drug trafficking crime, 18 U.S.C. 924(c). The district court sentenced Defendant to 322 months imprisonment. On direct appeal, we affirmed Defendant's conviction and sentence. See United States v. Reed, No. 89-5149 (10th Cir. Sept. 20, 1990) (unpublished opinion).
 
 
 3
 On April 28, 1993, Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. 2255. In his motion, Defendant claimed: (1) the district court erroneously calculated his criminal history category at sentencing; (2) the transfer of his case from state to federal court violated his right to due process; (3) evidence seized pursuant to a search warrant should have been suppressed because the search warrant was invalid; and (4) his counsel was ineffective for failing to raise these claims at trial and on direct appeal. Because Defendant failed to raise these claims on direct appeal, the district court denied the motion holding that Defendant had failed to show cause and prejudice to excuse his procedural default. This appeal followed.
 
 
 4
 On appeal, Defendant claims the district court erred in denying his motion. Specifically, Defendant contends his trial counsel was constitutionally ineffective, thereby establishing cause and prejudice to excuse his procedural default. Additionally, Defendant contends the district court should have conducted an evidentiary hearing as to his ineffective assistance of counsel claims. We address each of Defendant's arguments in turn.
 
 I.
 
 5
 "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." United States v. Warner, 23 F.3d 287, 291 (10th Cir.1994) (citation omitted). Consequently, a defendant may not raise claims that were not presented on direct appeal unless he can show cause and prejudice resulting from the error. Id. A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish a claim for ineffective assistance of counsel, Defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 Defendant points to three instances in which he claims his counsel was ineffective. Defendant's first allegation of ineffective assistance of counsel centers on his trial counsel's failure to object to an alleged error contained in his presentence report. The presentence report assigned three criminal history points each for two prior state drug convictions. Defendant now argues that his trial counsel's failure to discover and inform the district court that these convictions were related cases which should have been treated as one sentence in determining his criminal history, see U.S.S.G. 4A1.2(a)(2), resulted in the district court erroneously sentencing him as a career offender.[2] As a result, Defendant contends he received ineffective assistance of counsel.
 
 
 7
 The sentencing guidelines provide for enhanced punishment as a career offender for a defendant with "two prior felony convictions." U.S.S.G. 4B1.1. Prior convictions which may be used to sentence a defendant as a career offender are those which are counted separately in computing a defendant's criminal history. See U.S.S.G. 4B1.2, 4A1.1. Prior sentences may not be counted separately for criminal history purposes if they were imposed in related cases. U.S.S.G. 4A1.2(a)(2). At the time of Defendant's sentencing, application note 3 to 4A1.2 provided in pertinent part that "[c]ases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." U.S.S.G. 4A1.2 application note 3 (1989 version). Defendant argues his prior convictions "were consolidated for trial or sentencing" and thus were related cases. In order to address this argument, we must briefly discuss Defendant's prior state drug convictions at issue.
 
 
 8
 Following his arrest on July 26, 1980, Defendant was charged in Oklahoma State Court with possession of cocaine with intent to distribute, case number CRF-80-2567. Following a second arrest approximately eight months later on July 26, 1980, Defendant was charged with possession of a controlled substance with intent to distribute, case number CRF-81-1313. The state court records concerning the procedural history of these cases indicate the clerk scheduled the two cases in the same court, at the same time for both pretrial and trial proceedings. Additionally, the records indicate that sentencing for both cases was originally scheduled for the same day and that Defendant ultimately received concurrent sentences for each offense. However, there is no indication in the record that the cases were consolidated pursuant to a formal order of consolidation. Defendant argues these facts compel the conclusion that the two convictions were related. We disagree.
 
 
 9
 We recently held that "in cases not involving a formal order of consolidation or transfer, the defendant [must] ... show a factual nexus between the prior offenses to demonstrate they are 'related.' " United States v. Alberty, 40 F.3d 1132, 1135 (10th Cir.1994). Here, Defendant has not demonstrated a factual nexus between the prior offenses he claims are related. The prior offenses resulted from separate arrests for different drug transactions which occurred approximately eight months apart. Under these circumstances, Defendant's prior convictions were not "related." Thus, the district court properly calculated Defendant's criminal history category and sentenced him as a career offender. Consequently, Defendant's counsel was not ineffective in failing to raise this claim at sentencing. See United States v. Dixon, 1 F.3d 1080, 1084 n. 5 (10th Cir.1993) (failure to raise a meritless issue does not constitute ineffective assistance of counsel).
 
 
 10
 Defendant also claims his counsel was ineffective by failing to raise a due process claim concerning the transfer of his case from state to federal court and to challenge the underlying search warrant as invalid. As to these claims, we have reviewed the briefs of the parties, the district court's order, and examined the entire record before us. Based upon our review of the record, we agree with the district court's determination that counsel was not ineffective. Thus, we hold Defendant has failed to establish "cause" for his procedural default under the cause and prejudice test. See Murray, 477 U.S. at 488.
 
 II.
 
 11
 Defendant also claims the district court abused its discretion by denying his 2255 motion without conducting an evidentiary hearing concerning his ineffective assistance of counsel claims. We have already determined the district court properly held the alleged errors committed by Defendant's counsel did not constitute ineffective assistance of counsel. Thus, the district court did not abuse its discretion in denying Defendant's 2255 motion without an evidentiary hearing. See United States v. Barboa, 777 F.2d 1420, 1422 (10th Cir.1985) (district court need not conduct an evidentiary hearing if petitioner's allegations would not entitle him to relief).
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Defendant claims a third state conviction for possession of marijuana with intent to distribute, case number CRF-81-1312, also constituted a related case which was erroneously used to calculate his criminal history. This claim is without merit as the presentence report indicates that no criminal history points were assigned to this conviction. We therefore do not consider this conviction in the resolution of Defendant's argument