61 F.3d 915
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jennetta Elaine ARMSTRONG, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6011.
(D.C. No. CIV-94-1935-W)
 United States Court of Appeals, Tenth Circuit.
 July 18, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.[2]
 
 
 2
 Petitioner-Appellant Jennetta Elaine Armstrong ("Armstrong") pled guilty in federal court to one count of aiding and abetting the filing of false income tax returns in violation of 18 U.S.C. 2 & 287. The sentencing court adopted the recommendations in Armstrong's presentence report ("PSR"), including its calculation of 15 criminal history points, and imposed a sentence of 27 months with three years of supervised release. Armstrong did not object to the calculation in the PSR; she did not object to the sentence before the trial court; and she did not bring a direct appeal.
 
 
 3
 Armstrong has since filed this petition for habeas relief under 18 U.S.C. 2255. In her petition, Armstrong challenges the sentencing court's calculation of her criminal history points,[3] and she argues that her counsel was ineffective in failing to show her a copy of the PSR and in advising her that she could not appeal her sentence. The district court dismissed Armstrong's claims as procedurally barred, and Armstrong brought this appeal.
 
 
 4
 Because Armstrong failed to challenge her sentence on direct appeal, she must demonstrate cause for her default and prejudice suffered thereby, or that the failure to hear her claim would result in a fundamental miscarriage of justice, in order for this court to address her claim on collateral review. United States v. Wright, 43 F.3d 491, 496 (10th Cir.1994). Armstrong may establish cause for her procedural default by showing that she received ineffective assistance of counsel. United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995). To establish ineffectiveness, Armstrong must show that her counsel's performance was constitutionally deficient, which requires performance below an objective standard of reasonableness. Id. She must also demonstrate that her counsel's deficient performance caused actual prejudice, which requires a reasonable probability that, but for her counsel's errors, the result of her sentencing would have been different. Id. Because Armstrong has established neither deficient performance nor actual prejudice, we agree with the district court that Armstrong has failed to show cause to excuse her procedural default.[4]
 
 
 5
 There is nothing in the record before us to indicate objectively unreasonable performance by Armstrong's counsel. Although Armstrong alleges that her counsel did not show her the PSR, the record suggests otherwise. At the plea hearing, the court explicitly advised Armstrong of her right to examine the PSR and raise objections to its contents. R.O.A. Vol. IV at 8-9. At the sentencing hearing, the judge asked Armstrong's counsel, in Armstrong's presence, whether he had discussed the PSR with Armstrong. R.O.A. Vol. II at 2. Armstrong's counsel answered in the affirmative, and, when the court then gave Armstrong an opportunity to make a statement or raise objections, she did not respond. Id. at 2-3.
 
 
 6
 There is also nothing in the record to support Armstrong's allegation that her counsel told her that she could not appeal. After announcing the sentence, the judge explicitly advised Armstrong of her right to appeal and her right to a court-appointed attorney to do so. R.O.A. Vol. II at 4-5. Because there is no suggestion that Armstrong asked her counsel to appeal and he failed to do so, or that her counsel gave her improper advice, her bald allegation that "[h]e told me I could not appeal this case" is insufficient to demonstrate constitutionally deficient performance. See United States v. Youngblood, 14 F.3d 38, 40 (10th Cir.1994) (holding that counsel's failure to appeal was not ineffective where there was no evidence that defendant asked counsel to file an appeal and counsel failed to do so); Hannon v. Maschner, 845 F.2d 1553, 1556 (10th Cir.1988) (explaining that counsel's failure to appeal may be ineffective if counsel did not adequately advise defendant or ignored defendant's wishes).
 
 
 7
 Armstrong has also failed to show that any alleged deficiency caused her actual prejudice. She argues that if her counsel had challenged her sentence properly, the court would have assessed fewer criminal history points, resulting in a lower sentencing range. Under U.S.S.G. 4A1.1(a), a defendant is assessed three criminal history points for each prior sentence of imprisonment exceeding thirteen months. Prior sentences in "related cases," however, are treated as a single sentence for purposes of this calculation. U.S.S.G. 4A1.2(a)(2). Armstrong's PSR lists five prior offenses with sentences over thirteen months. The PSR treated all five as unrelated to arrive at a total of 15 criminal history points. Armstrong asserts that some of these prior sentences should have been treated as "related," and were therefore double-counted by the sentencing court. Thus, she argues that her sentence range would have been lower if her counsel had properly objected. However, because the record before us is insufficient to demonstrate that her prior sentences were indeed "related," Armstrong's argument must fail.
 
 According to the Guideline commentary:
 
 8
 Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.
 
 
 9
 U.S.S.G. 4A1.2, commentary n. 3. There are only two of Armstrong's five prior sentences that may arguably be "related" under this definition: one for writing a $130.00 "bogus check" and one for writing a $300.00 "bogus check," both of which Armstrong was sentenced for on April 23, 1984.[5] Although these offenses appear similar, Armstrong has not shown that they meet any of the three definitions of "related" prior sentences.
 
 
 10
 First, there is no evidence that they "occurred on the same occasion." The PSR shows only that she was arrested for the first bad check on February 2, 1994, and for the second bad check on March 9, 1984, but it does not document when the offenses actually occurred. Furthermore, Armstrong's brief alleges only that the offenses "occurred during the same period of time."
 
 
 11
 Second, there is no evidence that the bad checks were "part of a single common scheme or plan." To assess the factual commonality of the offenses, courts look to such factors as temporal and geographic proximity, as well as common victims and a common criminal investigation. See United States v. Shewmaker, 936 F.2d 1124, 1129 (10th Cir.1991), cert. denied, 502 U.S. 1037 (1992). The record in this case simply provides no basis for assessing these factors. Although the PSR shows that Armstrong was arrested for writing the two bad checks approximately two weeks apart, there is no evidence of when, where, or against whom the crimes took place. See id. (requiring defendant to point to evidence in the record indicating the existence of a common scheme or plan).
 
 
 12
 And third, there is no evidence that the offenses were "consolidated" for sentencing. Typically, this requires a formal order of transfer or consolidation, United States v. Alberty, 40 F.3d 1132, 1134 (10th Cir.1994), cert. denied, 115 S.Ct. 1416 (1995), of which there is no record in this case. Absent such a formal order, the defendant must show that the offenses were sentenced together not out of convenience, but because of a "factual nexus" between the crimes. Id. at 1135. Here, the record shows only that Armstrong was sentenced for both bad checks on the same day, and was given the same sentence for each, set to run concurrently. Where, as here, the two charges nevertheless retained separate docket numbers, this evidence is insufficient to establish "consolidation." See id.
 
 
 13
 Because Armstrong thus has not shown that her criminal history points were improperly double-counted by the sentencing court, she has not shown that her counsel's failure to challenge her sentence caused her actual prejudice. Having failed to show that her counsel was ineffective, we find no cause to excuse her procedural default. Because dismissing Armstrong's claim would not result in a fundamental miscarriage of justice, we AFFIRM the district court's dismissal of Armstrong's 2255 petition for habeas relief. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court granted Appellant's application to proceed in forma pauperis pursuant to 28 U.S.C.1915(a)
 
 
 [3]
 Armstrong challenged her sentence on additional grounds before the district court, but has only appealed on the issue of her criminal history calculation
 
 
 [4]
 If we construe Armstrong's petition as alleging a direct claim of ineffective counsel for failing to challenge her sentence, rather than as alleging ineffectiveness indirectly to overcome the procedural bar to raising her claim of improper sentencing, our analysis would remain the same. A direct claim of ineffective counsel may be brought collaterally without showing cause and prejudice for not raising the claim on direct review. See United States v. Galloway, --- F.3d ----, No. 93-4169, 1995 WL 320423, * 1 (10th Cir. May 26, 1995) (en banc). However, Armstrong would still have to demonstrate the elements of her ineffectiveness claim--that counsel's failure to challenge her sentence constituted deficient performance that caused her actual prejudice--which are the same elements she must show to use ineffectiveness as cause to excuse her procedural default
 
 
 [5]
 The other three prior sentences were for: (1) obtaining property under false pretenses, for which Armstrong was sentenced on February 14, 1983; (2) uttering a forged instrument, for which Armstrong was sentenced on April 23, 1984; and (3) escaping from incarceration, for which Armstrong was sentenced on July 7, 1986