74 F.3d 1242
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eddie WEBB, Jr., Defendant-Appellant.
 No. 95-1326.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 15, 1995.
Decided Jan. 17, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied March
11, 1996.
 
 Before ESCHBACH, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Eddie Webb, Jr. pleaded guilty to one count of conspiracy to distribute cocaine base on October 6, 1992 in violation of 21 U.S.C. Secs. 841(a)(1), 846 and two counts of distributing cocaine base on October 6, 1992 and March 16, 1993 in violation of Sec. 841(a)(1). Webb was held accountable for between 150 grams and 500 grams of cocaine base giving him a Base Offense Level of 34 under U.S.S.G. Sec. 2D1.1(c). Categorizing him as a "career offender" within the meaning of U.S.S.G. Sec. 4B.1, the district court increased his offense level to 37 and applied criminal history category VI. He was granted a three level reduction under U.S.S.G. Sec. 3E.1.1(b) (acceptance of responsibility) and a four level downward departure under U.S.S.G. Sec. 5K1.1 (substantial assistance). The court sentenced Webb to 168 months imprisonment (the low end of the level 30 guideline range) for each of the three counts to be served concurrently.
 
 
 2
 On appeal, Webb challenges the district judge's finding that he was a career offender within the meaning of U.S.S.G. Sec. 4B.1. He also contends that the statutory and guideline provisions that provide enhanced penalties for cocaine base are ambiguous. Accordingly, he argues he should be re-sentenced on the lesser penalties mandated for ordinary cocaine under either the rule of lenity or because the disparate treatment for cocaine and cocaine base violates the equal protection clause.
 
 
 3
 Webb was sentenced in state court on June 10, 1991 for three unlawful deliveries of cocaine. He was arrested for the first two deliveries (occurring on May 3, 1990 and June 6, 1990) on January 25, 1991. Prior to this arrest, Webb made another unlawful delivery on January 15, 1991, for which he was arrested on February 2, 1991. The Alexander Circuit Court in Cairo, Illinois sentenced him to three years imprisonment for each unlawful delivery, each sentence to be served concurrently. A separate judgment order and mittimus was entered in each of the three cases under separate case numbers. The court used consecutive numbers for the 1990 offenses (91-CF-14; 91-CF-15) and a non-consecutive number for the 1991 offense (91-CF-33). Different fine amounts were assessed for each of the three offenses, respectively $60, $150, and $200, and court costs were separately assessed for each of the three offenses. These offenses were documented in the Pre-Sentence Investigation Report ("PSR") which noted that the Alexander county court did not issue a formal order of consolidation. Defendant filed objections to the PSR, and renewed these objections at his sentencing, arguing that he was not a career offender because his prior offenses were related and thus counted only as one prior felony conviction.
 
 
 4
 Increased offense levels and criminal history category VI apply to a "career offender," including a defendant at least eighteen years old who commits a controlled substance offense after incurring "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. Sec. 4B1.1. Only "unrelated" prior offenses count as a "prior felony conviction" under U.S.S.G. Sec. 4B.1. See U.S.S.G. Secs. 4B1.2(3), 4A.1.2(a)(2).
 
 
 5
 "Related Cases" are defined in U.S.S.G. Sec. 4A1.2, comment. (n. 3). "Prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a common scheme or plan, or (3) were consolidated for trial or sentencing." Id. As a threshold matter, "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest." Id. Thus, a prior offense must be counted separately if the defendant was arrested for it before committing the second offense. Defendant was arrested for all three of the previous deliveries before he committed the federal offenses. Thus, it is undisputed that all three are unrelated to the current federal offenses. However, the relevant inquiry is whether the previous offenses are related to one another. United States v. Belton, 890 F.2d 9, 10-11 (7th Cir.1989), cert. denied, 113 S.Ct. 391 (1992). If they all are related to one another, then there is only one previous controlled substance felony offense. If any two are not related, then there are two prior controlled substance convictions and Webb is a "career offender."
 
 
 6
 The district judge noted that the first two offenses may be related based on a common scheme shown by their temporal proximity. (Tr. at 6).[1] However, due to lack of a consolidation order and lack of proximity between the 1990 and 1991 deliveries (approximately six months), the court found that the third offense was not related to either the first or second offense. Further, the court stated that "unless there is some court order in the state [of Illinois] concerning consolidation, [ ] this Court has to assume that they weren't consolidated." (Tr. at 6). Having found at least two unrelated offenses that counted separately, the district court sentenced Webb as a career offender applying an increased offense level.
 
 
 7
 "Sentences in two cases are 'related' when the cases were consolidated for trial or sentencing, unless there was an intervening arrest." United States v. Joseph, 50 F.3d 401, 402 (7th Cir.), cert. denied, 116 S.Ct. 139 (1995); United States v. Russell, 2 F.3d 200, 202 (7th Cir.1993). The defendant has the burden of showing that his prior sentences were indeed consolidated for sentencing. United States v. Stalbaum, 63 F.3d 537, 539 (7th Cir.1995). Webb attempted to make this showing before the district court. He argues that the district court erroneously decided against consolidation because there was no formal consolidation order. He relies on Joseph's pronouncement that a formal consolidation order is not a quid pro quo to relatedness. Id. at 403, 404. In Joseph, we acknowledged the presence of "functional consolidation" in the absence of a consolidation order when the sentencing judge treats two crimes as one. Id. at 404. "What we require in the absence of a formal order of consolidation, is a showing on the record of the sentencing hearing that the sentencing judge considered the cases sufficiently related for consolidation and effectively entered one sentence for the multiple convictions." Stalbaum, 63 F.3d at 539. In other words, the record must evince that the sentencing judge decided that one overall sentence would be "appropriate" for the three crimes such as where "the sentence for one conviction was somehow affected by the conduct under the other charge." See Russell, 2 F.3d at 204. In Russell, the defendant failed to make this showing despite the presence of several factors--also present here--arguably favoring consolidation (e.g. consecutively numbered indictments, one plea agreement for all three offenses, concurrent sentences). Id. Significantly, the court noted that there was nothing in the record to show that the sentence would have been any different if the cases had been heard on different days. Id.
 
 
 8
 Webb does not specifically argue that the sentence for any of his prior convictions was somehow affected by his conduct under the other charges. Instead, Webb argues that his prior offenses should be considered "consolidated" based on the presence of certain factors which Russell acknowledged in some circumstances could support consolidation.[2] See Russell, 2 F.3d at 204. Notably, the presence of similar factors did not convince this court in Russell that the defendant's prior offences were "functionally consolidated." In any event, a defendant cannot prevail on a consolidation argument merely because he was sentenced in state court on the same day. Stalbaum, 63 F.3d at 539. In Stalbaum, we found no consolidation where same-day sentencing was imposed for multiple convictions each retaining their own docket numbers and each retained a separate, albeit concurrent, sentence. Id. (noting that if the sentencing judge had considered the cases consolidated, he would have assigned one docket number for the sentencing hearing and he would have assigned one sentence to the defendant). A reasonable inference exists that same-day sentencing may be imposed for administrative convenience. See id. Nor is concurrent sentencing the functional equivalent of consolidation. Russell, 2 F.3d at 203. Moreover, when a significant period of time exists between offenses, it is reasonable to infer that the sentencing judge did not consider the claims consolidated. Joseph, 50 F.3d at 404 (finding claims not related in absence of a consolidation order where they occurred months apart and record failed to show sentencing judge considered the cases consolidated).
 
 
 9
 So far we have not discussed the applicable standard of review of the district court's refusal to find crimes related. In situations where a defendant failed to make the required showing on the record that the sentencing judge considered the cases consolidated, this court has purposely avoided defining the proper standard of review. E.g., Joseph, 50 F.3d at 404; Russell, 2 F.3d at 204 ("It is better to await a case in which the point would be decisive to make a holding in this regard."). In the present case, the record fails to show that the state court sentencing judge considered Webb's prior offenses consolidated. The defendant has not shown how the sentences would be different if they were imposed on different days. See Russell, 2 F.3d at 204. Moreover, the factors that Webb contends show consolidation are sufficiently countered by several facts: (1) there was no consolidation order, (2) the plea agreement was silent about consolidation although Webb claimed the government accepted his plea based on a mutual understanding of consolidation, (3) each offense retained its separate docket number, (4) three separate sentences were imposed, and a separate mittimus for each judgment was issued, (5) three separate fines and court costs were assessed, and (6) a significant period of time existed between the first two offenses and the last offense. Indeed, consecutive docket numbers were used only for the first two offenses occurring in May and June of 1990, but not for the third 1991 offense. Thus, even if we were to find that the first two offenses were functionally consolidated, as the district court did, based on their temporal proximity, Webb would still be a career offender since these 1990 offenses would count as one of the prior felonies, while the third offense (occurring six months later) would count as the second prior felony. Thus, we again defer to another day defining the proper standard of review, since the district court's decision would survive even a de novo review. See United States v. Brown, 962 F.2d 560, 565 (7th Cir.1992). Accordingly, we find that Webb had at least two prior felony convictions for substance offenses and thus, that he is a career offender within the meaning of U.S.S.G. Sec. 4B1.1.
 
 
 10
 Webb also challenges his sentence arguing that the cocaine base statutory and guideline sentencing provisions are ambiguous. At sentencing, he called the court's attention to the recent district court decision United States v. Davis, 864 F.Supp. 1303 (N.D.Ga.1994) which held that "cocaine base is a term synonymous with cocaine ... and that the heightened penalty provisions for cocaine must be ignored by operation of the rule of lenity." Id. at 1309. Webb did not ask the government to stipulate to the expert testimony or to the defendant's memorandum of law in Davis. No expert witnesses testified at Webb's hearing and he presented no other evidence on this issue to the district court.[3]
 
 
 11
 In United States v. Lawrence, 951 F.2d 751 (7th Cir.1991), this circuit found cocaine base or "crack" to be more dangerous than other forms of cocaine and upheld the constitutionality of both Sec. 841(b) and U.S.S.G. Sec. 2D1.1(c). Id. at 755. Likewise, in United States v. Blanding, 53 F.3d 773 (7th Cir.1995), this court rejected the defendant's argument that Sec. 841(b) is ambiguous, stating that "we believe that Congress has defined the substance [cocaine base]--and its intention to impose punishment befitting the crime--with appropriate clarity." Id. at 776. Moreover, we have specifically rejected the arguments presented in Davis. United States v. Booker, No. 95-1747, slip op. at 14 (7th Cir. November 16, 1995) (finding no ambiguity even when the government stipulated to the expert testimony in Davis ).
 
 
 12
 Finally, Webb contends that the disparity between sentences imposed on cocaine base offenders versus those imposed on cocaine offenders violates the equal protection clause. Webb's sentence depends in part on the fact that the sentencing guidelines treat cocaine base or crack as equivalent to 100 times the weight of power cocaine. U.S.S.G. Sec. 2D1.1(c). The constitutionality of the 100:1 ratio has been previously brought before this court unsuccessfully. E.g., United States v. Jones, 54 F.3d 1285, 1294 (7th Cir.1995) (citing United States v. Chandler, 996 F.2d 917, 918 (7th Cir.1993)); Blanding, 53 F.3d at 776. This court has determined that the disparate sentencing scheme in U.S.S.G. Sec. 2D1.1(a)(3) is rationally related to Congress' concern about the heightened addictiveness and danger of using cocaine base as opposed to ordinary cocaine. Jones, 54 F.3d at 1294. Webb has offered no evidence on the discriminatory intent of Congress and presents no basis for overturning our precedents which consistently have not recognized the viability of equal protection claims. See Blanding, 53 F.3d at 776 ("We are not persuaded to depart from recent Circuit precedents rejecting the equal protection claim.").
 
 
 13
 Accordingly, we AFFIRM the judgment of the district court.
 
 
 14
 DIANE P. WOOD, Circuit Judge, concurring in part and dissenting in part.
 
 
 15
 Eddie Webb raises two challenges to his sentence in this appeal: first, he claims that the district judge erred in finding him a "career offender" within the meaning of U.S.S.G. Sec. 4B1, and second, he argues that the distinction between cocaine and "cocaine base" in the relevant statutes and guidelines makes no sense, and thus that he is entitled to be re-sentenced under the more lenient cocaine provisions. I agree with the majority that Webb's arguments on the second point are unavailing in light of this Court's decisions in United States v. Booker, 70 F.3d 488 (7th Cir.1995), and United States v. Blanding, 53 F.3d 773 (7th Cir.1995), and I therefore concur in that part of the majority's opinion. However, in the circumstances of Webb's case, I disagree that he qualified as a career offender. I would therefore remand for resentencing on that point only.
 
 
 16
 Webb pleaded guilty in this case to one count of conspiracy to distribute cocaine base on October 6, 1992, and two counts of distributing cocaine base on October 6, 1992, and March 16, 1993, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Webb, however, was not new to the cocaine business when he ran afoul of federal law. On January 25, 1991, he was arrested by the Illinois authorities for two deliveries of cocaine occurring on May 3, 1990, and on June 6, 1990. He was apparently released after the January 25 arrest, for reasons that are unclear on the record, but he was soon arrested again on February 2, 1991, for a third unlawful delivery of cocaine that had taken place on January 15, 1991 (before the first arrest).
 
 
 17
 It is undisputed that the Alexander Circuit Court in Cairo, Illinois, carried all three cases under separate (though nearly consecutive) docket numbers (Nos. 91-CF-14, 91-CF-15, and 91-CF-33), and that it entered a separate judgment order for each one. It is also undisputed that the court sentenced him to three years' imprisonment for each delivery, and that the sentences were to be served concurrently. Webb was fined different amounts and had court costs imposed separately. Finally, it is clear that all three prior offenses concerned precisely the same kind of conduct--deliveries of cocaine--and that they occurred within a reasonably close time period of one another. (Indeed, there was only one more month separating his June 1990 delivery from his January 1991 delivery than there was for his October 1992 distribution and his March 1993 distribution. As his counsel remarked at oral argument, Webb operated a business, and that business was dealing drugs.)
 
 
 18
 It is plain under this Court's decisions in United States v. Russell, 2 F.3d 200 (7th Cir.1993), United States v. Joseph, 50 F.3d 401 (7th Cir.), cert. denied, 116 S.Ct. 139 (1995), and United States v. Stalbaum, 63 F.3d 537 (7th Cir.1995), that the lack of a formal consolidation order does not prevent a defendant from showing that his prior cases were "related" as the term is used in U.S.S.G. Sec. 4A1.2, and as it is explained further in Application Note 3. For example, the Stalbaum court explained that "[the defendant] has not automatically failed to carry his burden, as the government argues, simply because there was no formal order of consolidation with respect to his three misdemeanors.... the absence [of an order] is merely probative rather than conclusive." 63 F.3d at 539. The district court in this case, however, treated the absence of a formal order as conclusive, saying that "unless there is some court order in the state [of Illinois] concerning consolidation, [ ] this Court has to assume that they weren't consolidated." Because that statement is not consistent with our decisions in Russell, Joseph, and Stalbaum, I would remand on that ground alone for resentencing.
 
 
 19
 Such a remand would not be an empty gesture on these facts. It is true, as the majority notes, that the mere fact that Webb's prior offenses were not separated by an intervening arrest does not automatically make them "related" for Guidelines purposes. Application Note 3 merely says that an intervening arrest defeats a finding of relatedness; it does not establish the converse. Nevertheless, a number of factors support Webb's argument, including the proximity of the indictments, the existence of a mutual plea agreement, and concurrent sentencing. (I agree with the majority that Webb should not at this late date be able to supplement the record with the material that the government challenges, and I therefore concur in the majority's decision to grant the government's motion to strike. I rely here only on material that was clearly before the district court.) The factor in this case that goes beyond the "administrative convenience" counterargument that was dispositive in our earlier decisions is the course of conduct itself. Although Webb failed to preserve an independent argument to the effect that his three prior state convictions were part of a common scheme for purposes of Application Note 3, part 2, he did bring forth this information to indicate why the state courts were handling the three cases in a functionally consolidated manner. The district court itself mentioned the term "common scheme" in this context, and it is thus entirely appropriate for us to consider it in that light also.
 
 
 20
 In Joseph, in contrast, Joseph's two earlier crimes were (1) assisting another prisoner to escape, and (2) on a different date and in a different way, effectuating his own escape. This Court cited the fact that "the two crimes were unrelated" as one significant piece of evidence tending to negate functional consolidation. 50 F.3d at 404. In Russell, the defendant had robbed different banks on different occasions. 2 F.3d at 201. Finally, in Stalbaum the Court commented that there was no reason to believe that the three earlier misdemeanors--two petty thefts and one marijuana possession charge--were related. In contrast, Webb's deliveries of cocaine should have been considered part of a common scheme, and thus related for purposes of evaluating functional consolidation. Compare U.S.S.G. Sec. 1B1.3(a)(2) (relevant conduct), Application Note 9(B) (defining "same course of conduct").
 
 
 21
 All but one of the factors upon which the majority relies to show that the three earlier offenses were distinct simply restate the undisputed initial fact (first in the list, sl. op. at ---) that there was no formal order of consolidation. The plea agreement was silent about consolidation because there was no formal order, even though the sentences were concurrent. Separate docket numbers just reflect the lack of formal consolidation, as do separate sentences, separate mittimuses, and separate fines and court costs. The sixth and final point, relating to the time period between the May and June 1990 deliveries of cocaine and the January 1991 delivery, is more ambiguous. Whether six months is a long time or a short time depends on the nature of the crime and the defendant's method of doing business. Application Note 9(B) of U.S.S.G. Sec. 1B1.3 indicates that yearly intervals might not be long enough to defeat relatedness for certain tax offenses. On the other hand, a theft of a car on one day, followed by a theft of a mink coat the next, might be too unrelated in spite of the near-perfect temporal proximity. In the drug business, it is not unusual to see several months between deliveries, because of the risks inherent in securing supplies of illegal substances and the need to avoid detection by the authorities. As I noted above, Webb himself had an almost identical six-month hiatus in the very conduct charged in this case, which indicates that for him this time span may not be unusual.
 
 
 22
 On this record, I would therefore find that Webb's three Illinois cocaine convication were functionally consolidated, relying on the approach approved in Russell, Joseph, and Stalbaum, and thus that Webb should not have been sentenced as a career offender under U.S.S.G. Sec. 4B1.1. I would accordingly remand for resentencing, with instructions to treat the three Illinois convictions as "related cases" for purposes of U.S.S.G. Secs. 4A1.2(a)(2) and 4B1.2(3)(B). My disagreement with the majority here is far less with the standards they articulate than it is with their application of those standards, in light of the district court's own statement and the facts of this case. I therefore respectfully dissent in part from the Court's judgment.
 
 
 
 [1]
 Although the district court mentioned the term "common scheme," the transcripts show that the parties were primarily arguing about consolidation. To the extent that Webb did adequately preserve the "common scheme" argument, he has failed on appeal to meet his burden of showing that his prior crimes were jointly planned or that the commission of one entailed the commission of another. See United States v. Sexton, 2 F.3d 218, 219 (7th Cir.1993). Temporal proximity alone is insufficient to show common scheme. Id. Thus, we reject Webb's argument that a finding of "common scheme" necessarily follows from the fact that Webb is in the drug business or merely because he was convicted of conspiracy
 
 
 [2]
 Webb argues that the following factors support consolidation: proximity of indictments (he was indicted for first two offenses on same day and five days later for the third), consecutively numbered indictments for the first two offenses, mutual plea agreement, and identical concurrent sentencing for all three offenses. In addition, Webb's appellate brief maintains that the charges for all three of his offenses proceeded together from preliminary hearing to sentencing and that the minute entries were often made only in one case and then referenced in the record sheets for the other two offenses. The government filed a motion to strike this portion of defendant's brief as well as appendices C & D to defendant's brief which included copies of Alexander court informations and record sheets. The government argues that the statements in the brief improperly reference material outside of the record and that the circuit court information and record sheets are not in the Record since they were not properly before the district court. See Fed.R.App.P. 10(a) (excluding from appendix any material not before the district court); Branion v. Gramly, 855 F.2d 1256, 1260 (7th Cir.1988), cert. denied, 490 U.S. 1008 (1989). We grant the government's motion since we find unconvincing Webb's argument that these records were before the district court, and in any event, note that even these additional factors (which were properly before the court in Russell ) still do not conclusively show that the sentencing judge thought consolidation was appropriate
 
 
 [3]
 We reject Webb's claim that the record on appeal includes his supplemental appendices, C and D, which contain the transcript of the expert testimony as well as the defendant's memorandum of law in Davis. These documents were not sufficiently before the district court to be included now as part of the record on appeal. See Fed.R.App.P. 10(a); Circuit Rule 10; Branion, 855 F.2d at 1260. See also Am Int'l, Inc. v. Graphic Mgmt. Assocs., Inc., 44 F.3d 572, 575 (7th Cir.1995) (noting that trial transcripts could be admitted to show an ambiguity in a contract provision but first must be presented to the district court). We also grant the government's motion to strike Webb's appendix E and footnote 3 to his appellate brief which indicate the sentencing commission's support for equal sentencing for cocaine base and cocaine offenders. Even if we were to take notice of the Sentencing Commission's opinions, the 1993 versions of Sec. 841(b) and U.S.S.G. Sec. 2D1.1(c) would remain applicable to Webb's case. Moreover, Congress recently disapproved the guideline amendments suggested by the Sentencing Commission. Act of October 30, 1995, Pub.L. No. 104-38, 109 Stat. 334