**UNITED STATES of America, Plaintiff,**

v.

**Lazaro DIAZ, Defendant.**

**No. 98–40079–04–SAC.**

United States District Court, D. Kansas.

March 30, 1999.

Robin D. Fowler, Office of United States Attorney, Topeka KS, for U.S.

Donald R. Hoffman, Hoffman & Hoffman, Topeka, KS, F.G. Manzanares, Topeka, KS, Dwight L. Miller, Topeka, KS, David J. Phillips, Office of Federal Public Defender, Topeka, KS, Marilyn M. Trubey, Office of Federal Public Defender, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court for the defendant's sentencing on March 25, 1999. In advance of the sentencing, the defendant filed a sentencing memorandum objecting to the Presentence Investigation Report ("PSI") insofar as it assesses thirty criminal history points for ten separate burglary and/or grand theft convictions in Florida as described in paragraphs thirty-nine through forty-eight. The defendant points out that all ten convictions were for burglaries or thefts committed during a three or four-month period in the summer of 1982. Latent fingerprints taken from the ten different crime scenes matched the defendant's fingerprints. Charged with ten different cases, the defendant pleaded guilty and was sentenced in all ten cases on the same day.

The defendant contends the absence of a formal consolidation order does not bar him from arguing that the circumstances indicate the cases were functionally consolidated. The defendant alternatively argues the prior convictions were part of a "common scheme or plan" based on the similarity of the offenses and the temporal proximity between them.

The PSI writer points out that there was no formal order consolidating the ten cases for sentencing, that each case retained a separate docket number, that a separate journal entry of judgment was entered in each case, and that the sentencing court addressed each case separately during the sentencing hearing. In addition, the PSI writer cites case law holding that a repeated pattern of criminal conduct within a short period of time does not necessarily show that the defendant acted pursuant to a single common scheme or plan.

## CONTROLLING LAW

The Sentencing Guidelines provide that three points should be added to the criminal history score for each prior sentence of imprisonment exceeding one year and one month. U.S.S.G. § 4A1.1(a). "Prior sentences imposed in unrelated cases are to be counted separately," while "[p]rior sentences imposed in related cases are to be treated as one sentence." U.S.S.G. § 4A1.2(a)(2). "Prior sentences are related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, comment n. 3; *United States v. Guerrero–Hernandez*, 95 F.3d 983, 986–87 (10th Cir.1996).

■ The burden is with the defendant to show that the ten burglaries ·and/or thefts were the result of a single common scheme or plan. *See United States v. Woods,* 976 F.2d 1096, 1100 (7th Cir.1992). "[C]rimes are not related just because they have similar modus operandi, ..., or because they were part of a crime spree." *United States v. Sexton,* 2 F.3d 218, 219 (7th Cir.1993) (citations omitted). "[A]s a matter of common sense, a single common scheme or plan involves 'something more than simply a repeated pattern of conduct.' " *United States v. Maza,* 93 F.3d 1390, 1400 (8th Cir.1996) (quoting *United States v. Chartier,* 970 F.2d 1009, 1016 (2nd Cir.1992)), *cert. denied,* 519 U.S. 1138, 117 S.Ct. 1008, 136 L.Ed.2d 886 (1997). Nor are they related just "because each was committed with the same purpose." *United States v. Carroll,* 110 F.3d 457, 460 (7th Cir.1997). Rather, actions are considered part of a single common scheme or plan "only if the defendant can prove that he either 'jointly planned' the crimes or planned one crime that 'would entail the commission of the other as well.' " *Carroll,* 110 F.3d at 460 (citation omitted). Thus, "[f]orming the same intent at two distinct times to commit the same crimes (such as steal from an employer) does not evidence joint planning." *Id.* Though never using these particular rules, the Tenth Circuit has taken a strict approach in deciding whether prior cases involved a single common scheme or plan. *See, e.g., United States v. Ciapponi,* 77 F.3d 1247, 1252 (10th Cir.) (Two sales of controlled substances on two separate occasions under different circumstances were "not part of common scheme or plan."), *cert. denied,* 517 U.S. 1215, 116 S.Ct. 1839, 134 L.Ed.2d 942 (1996); *United States v. Shewmaker,*

936 F.2d 1124, 1129 (10th Cir.1991) (On the issue of commonality, relevant factors include "temporal and geographical proximity as well as common victims and a common criminal investigation."), *cert. denied,* 502 U.S. 1037, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992); *United States v. Kinney,* 915 F.2d 1471, 1472 (10th Cir.1990) (No common scheme in the defendant's robbery of "three separate banks in different locations over a three-month period, the last two occurring nearly two ·months apart and in different states." The defendant's testimony that he was supporting his drug habit did 'not establish a common scheme.)

■ ·To sustain his position that the prior cases were consolidated, the defendant must prove either of the following propositions under the governing Tenth Circuit precedent. The prior "offenses were consolidated by presenting documentation of the consolidation, such as a formal order of transfer or consolidation." *United States v. Ciapponi,* 77 F.3d at 1253. The prior cases must come "before the same court for sentencing because of an express judicial order of consolidation or transfer and not for reasons such as judicial economy or convenience of the parties." *United States v. Alberty,* 40 F.3d 1132, 1135 (10th Cir. 1994), *cert. denied,* 514 U.S. 1043, 115 S.Ct. 1416, 131 L.Ed.2d 300 (1995); *United States v. Guerrero–Hernandez,* 95 F.3d at 987 (informal consolidation for convenience and judicial economy is not enough).

■ Absent such reliable proof of consolidation, the defendant must "show a factual nexus between the prior offenses" sufficient to demonstrate they are related. *United States v. Guerrero–Hernandez,* 95 F.3d at 987 (quoting *United States v. Alberty,* 40 F.3d at 1135). As of this date, the Tenth Circuit has not offered much guidance[1] on "what other circumstances

1. The court confesses some struggle in understanding this "factual nexus" test which the Tenth Circuit has grafted onto the third test of relatedness. The Eighth Circuit observed sometime ago that the first two tests "depend on the character ·of a defendant's criminal conduct" while the third test distinctively "depends upon whether the determination of guilt or the imposition of punishment for two or more of the defendant's prior offenses were

combined." *United States v. Watson,* 952 F.2d 982, 990 (8th Cir.1991), *cert. denied,* 503 U.S. 994, 112 S.Ct. 1694, 118 L.Ed.2d 406 (1992). The Eighth Circuit's common-sense observation raises some issues concerning what facts should be relevant in deciding whether a case has been informally or factually consolidated under this "factual nexus" test.

might lead to a finding of 'relatedness,' " in the absence of a formal consolidation order *See United States v. Huskey,* 137 F.3d 283, 286 (5th Cir.1998). In an earlier case, *United States v. Villarreal,* 960 F.2d 117, 119 (10th Cir.), *cert. denied,* 506 U.S. 856, 113 S.Ct. 166, 121 L.Ed.2d 114 (1992), the court observed that a case could be consolidated "because the offenses for which a defendant is being sentenced are related so closely that double sentencing claims could arise from separate sentencing." In an unpublished decision, *Armstrong v. United States,* 61 F.3d 915, 1995 WL 421043, at *3 (10th Cir. July 18, 1995) (Table), the Tenth Circuit characterized the defendant's burden as showing "that the offenses were sentenced together not out of convenience, but because of a 'factual nexus' between the crimes." Other circuits have observed such relatedness when the sentencing judge on the prior cases "considered the cases sufficiently related for consolidation and effectively entered one sentence for the multiple convictions," *United States v. Stalbaum,* 63 F.3d 537, 539 (7th Cir.1995) (citation omitted), and when the prior "convictions were *de facto* 'consolidated' by virtue of the fact that the charges appeared in the same criminal information under the same docket number," *United States v. Huskey,* 137 F.3d at 288.

■■ As to when cases lack a factual nexus, the Tenth Circuit's case law includes several relevant principles. That the sentences "were discharged on the same date" and "ran concurrently" is not enough to make the prior cases related. *United States v. Gary,* 999 F.2d 474, 479 (10th Cir.) (citation omitted), *cert. denied,* 510 U.S. 895, 114 S.Ct. 259, 126 L.Ed.2d 211 (1993); *see United States v. Ciapponi,* 77 F.3d at 1253 (concurrent sentencing of prior offenses does not equate with consolidation); *Armstrong v. United States,* 61 F.3d 915, 1995 WL 421043, at *3 (particularly when the prior cases retained separate docket numbers); *United States v. Nelson,* 46 F.3d 1152, 1995 WL 48057, at *1 (10th Cir. Feb.7, 1995) (Table); *United States v. Alberty,* 40 F.3d at 1135 ("especially when the two charges re-

tained separate docket numbers."). If handled together simply for convenience and economy reasons, the sentencing court has not factually or informally consolidated the cases. *See United States v. Alberty,* 40 F.3d at 1135. In other words, when "the defendant's criminal activity occurred on separate occasions and was not connected in any way," the sentencing court would not have reason to consolidate the cases for sentencing. *See United States v. Gary,* 999 F.2d at 480; *see, e.g., United States v. Ciapponi,* 77 F.3d at 1252–53 (no factual nexus between concurrent sentences of different lengths on two controlled substance sales that occurred less than a week apart but were the subject of separate indictments), *United States v. Reed,* 46 F.3d 1152, 1995 WL 54227, at * (10th Cir. Feb.10, 1995) (prior offenses resulting "from separate arrests for different drug transactions which occurred approximately eight months apart" do not have a factual nexus).

Other circuits have similarly held that cases are not related simply because sentencing occurred on the same day and/or in the same proceeding, *United States v. Huskey,* 137 F.3d at 288; because identical, concurrent sentences were imposed, *United States v. Huskey,* 137 F.3d at 288; or because of a plea bargain and concurrent sentences, *United States v. Correa,* 114 F.3d 314, 317 (1st Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 326, 139 L.Ed.2d 253 (1997). Like the Tenth Circuit, other circuits have keyed on whether the sentencing judge retained the separate case numbers as evidence of the intent to consolidate or not. *United States v. Huskey,* 137 F.3d at 288; *United States v. Stalbaum,* 63 F.3d at 539; *United States v. Klein,* 13 F.3d 1182, 1185 (8th Cir.), *cert. denied,* 512 U.S. 1226, 114 S.Ct. 2722, 129 L.Ed.2d 846 (1994). The First Circuit recently held:

[A]t least in respect to offenses that are temporally and factually distinct (that is, offenses which occurred on different dates and which did not arise out of the

same course of conduct), charges based thereon should not be regarded as having been consolidated (and, therefore, "related") unless the original sentencing court entered an actual order of consolidation or there is some other persuasive indicium of formal consolidation apparent on the face of the record which is sufficient to indicate that the offenses have some relationship to one another beyond the sheer fortuity that sentence was imposed by the same judge at the same time.

*United States v. Correa*, 114 F.3d at 317. The First Circuit wisely reasoned that its rule served an important judicial interest: "Requiring a federal judge to go behind the formal record and excavate the details of what transpired in each instance would impose an onerous burden, freighted with unusual evidentiary difficulties." 114 F.3d at 318.

## ANALYSIS AND HOLDING

■ The defendant has not carried his burden of showing that the prior ten burglary and theft cases were the result of a single common scheme or plan. The record shows that between June and September of 1982 the defendant burglarized eight residences, a too! shed and an elementary school, all of which were in Miami Beach, Florida. From these circumstances, the defendant is unable to identify and argue a single common scheme or plan. As the case law establishes, a pattern of criminal behavior pursued to acquire money does not mean that the defendant devised a single common scheme or plan. *United States v. Woods*, 976 F.2d at 1100; *United States v. Chartier*, 970 F.2d at 1016. The court can infer no single common scheme or plan from the timing or the location of the ten separate burglaries. All of them were committed on separate occasions, at different times and locations, and with different victims. The record shows nothing more than "random crimes without any overall scheme or plan." *United States v. Cain*, 10 F.3d 261, 263 (5th Cir.1993); *see United States v. Sexton*, 2 F.3d at 219 (Four burglaries com-

mitted in two counties "within a three-week time frame, using the same fence, at the same time of day, taking the same types of property from rural residences, using the same get-away car, and with the same motive to make money" does not prove a single common scheme or plan.). In short, the defendant has not presented any evidence that his crimes were jointly planned or that the commission of one entailed the commission of another.

Nor has the defendant shown that these prior cases were consolidated for sentencing either by formal order or by reason of any factual nexus. The sentencing transcript reflects that each case retained its own docket number, that a separate journal entry of judgment was entered in each case, that some of the cases included a codefendant, and that the judge separately and specifically sentenced the defendant in each case by reference to the docket number and charges therein. From this record, the court's impression is that the Florida sentencing court handled these cases together simply for convenience and economy. There are no comments in the transcript to indicate that the sentencing court believed the cases shared a factual nexus justifying consolidation for sentencing. Nor does this court find there to be a factual nexus between the cases such that the sentencing court would have necessarily concluded that consolidation was appropriate or required.

Having found that the defendant did not show these cases to be related under § 4A1.2(a)(2), the court overrules the defendant's objection to the PSI's assessment of thirty criminal history points for the ten separate burglary and/or grand theft convictions in Florida.

IT IS SO ORDERED.