UNITED STATES of America,
Plaintiff–Appellee,

v.

Anthony Arnell ALBERTY,
Defendant–Appellant.

No. 94–5085.

United States Court of Appeals,
Tenth Circuit.

Nov. 22, 1994.

Stephen C. Lewis, U.S. Atty., and Susan K. Morgan, Asst. U.S. Atty., Tulsa, OK, on the brief, for plaintiff–appellee.

Stephen J. Knorr, Federal Public Defender, and Craig Bryant, Asst. Fed. Public Defender, Tulsa, OK, on the brief, for defendant-appellant.

Before TACHA, BRORBY and EBEL, Circuit Judges.

BRORBY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Defendant-appellant Anthony Alberty appeals the sentence imposed by the district court, asserting error in the calculation of his criminal history level under § 4A1.2 of the United States Sentencing Guidelines (USSG). We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291, and we affirm.

Mr. Alberty was indicted on two counts of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) by unlawfully possessing a firearm as a con-.

victed felon (count one) and by unlawfully possessing ammunition as a convicted felon (count two). Pursuant to a plea agreement, Mr. Alberty pled guilty to count one in exchange for the United States' agreement to dismiss count two. Prior to sentencing, the district court ordered the preparation of a presentence report under Fed.R.Crim.P. 32(c).

Although Mr. Alberty's counsel agreed with the probation officer's determination that his base offense level was twenty-one under § 2K2.1,[1] counsel objected to the calculation of the criminal history level, which classified Mr. Alberty as a level VI offender based on thirteen criminal history points. Specifically, counsel objected to the determination that Mr. Alberty's two prior juvenile convictions were not "related" offenses for purposes of § 4A1.2(a)(2). Counsel contended the offenses were in fact related and therefore Mr. Alberty only had eleven criminal history points, making him a level V offender.[2] The district court overruled the objection, concluding the two offenses were separate and unrelated for purposes of § 4A1.2(a)(2). Mr. Alberty was thereafter sentenced to a term of ninety months imprisonment, within the applicable guideline range of seventy-seven to ninety-six months. The sole issue presented in this appeal is whether Mr. Alberty's two prior juvenile convictions were "related" offenses under USSG § 4A1.2(a)(2).

## DISCUSSION

■ "The meaning of the word 'related' is a legal issue that we review de novo." *United States v. Gary*, 999 F.2d 474, 479 (10th Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 259, 126 L.Ed.2d 211 (1993). While the dis-

trict court's determination of whether various offenses were "related" is a factual determination reviewed only for clear error,[3] *see United States v. Kinney*, 915 F.2d 1471, 1472 (10th Cir.1990), we exercise plenary review over "the district court's legal conclusions regarding the application and interpretation of the Guidelines." *United States v. Alessandroni*, 982 F.2d 419, 420 (10th Cir.1992).

Our task of defining the parameters of the term "related" is simplified by the commentary and the application notes to § 4A1.2, which we are bound to follow unless shown to be either plainly erroneous or inconsistent with federal law. *See Chavez–Palacios*, 30 F.3d at 1295 (commentary in the guidelines "is authoritative unless it conflicts with federal law") (quoting *Stinson v. United States*, — U.S. —, — – —, 113 S.Ct. 1913, 1918–19, 123 L.Ed.2d 598 (1993)). Application note 3 provides, in pertinent part, "prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." USSG § 4A1.2, comment. (n. 3). Mr. Alberty relies solely on the third definition of "related," the "consolidated for sentencing" aspect of the commentary, in arguing his two prior juvenile convictions were related. In order to address this argument, we must briefly discuss the two juvenile offenses at issue.

The first offense charged was for bail jumping in Oklahoma State Court, case number FRJ–89–60. This charge stemmed from Mr. Alberty's failure to appear for his initial adjudication hearing relative to a second-degree burglary charge (No. FRJ–88–114) based on the January 1989 complaint of a Mr. Charles Proctor. The bail jumping

---

1. Mr. Alberty's unadjusted base offense level was 24 pursuant to § 2K2.1(a)(2). He received a two-level reduction under § 3E1.1(a) for acceptance of responsibility and an additional one-level reduction under § 3E1.1(b)(2) for entering a timely guilty plea, thereby resulting in a base offense level of 21.

2. The government does not contest Mr. Alberty's general proposition, which is that if the prior offenses are deemed to be related, then under

§ 4A1.2(a)(2) and § 4A1.1(b), his criminal history level would be 11 as opposed to 13.

3. "A finding of fact is clearly erroneous only if it is 'without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made.'" *United States v. Chavez–Palacios*, 30 F.3d 1290, 1295 (10th Cir.1994) (quoting *United States v. Phelps*, 17 F.3d 1334, 1337 (10th Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 135, 130 L.Ed.2d 77 (1994)).

charge was not filed until June 9, 1989. The underlying burglary charge was ultimately dismissed when Mr. Alberty was adjudicated delinquent on the bail jumping charge on June 9, 1989.

The second offense charged was also brought in Oklahoma State Court and alleged robbery by force, case number FRJ–89–62. The claim was Mr. Alberty and an unknown individual beat and robbed a Mr. Rob Yohnk in May 1989. The petition alleging delinquency on this charge was also filed on June 9, 1989, at which time Mr. Alberty was ultimately adjudicated delinquent on this charge. As was the case regarding the bail jumping charge, he was placed in custody on June 23, 1989, and remained there until June 13, 1990, with this sentence to run concurrently to the bail jumping sentence.

It is undisputed that Mr. Alberty was adjudicated delinquent in both cases on the same day; that he was placed in custody for both offenses on the same day; that he served the same term of approximately one year for each offense; and that his sentences in both cases ran concurrent to each other. He asserts these facts compel the conclusion that the two cases were related. He does not, however, contend these two cases were handled together pursuant to an express court order.

### A.

■ Mr. Alberty's brief asserts "[t]he record below does not specify whether a formal consolidation order was filed in state court when Mr. Alberty was sentenced on the juvenile cases." In the next paragraph, his brief states the district court erred in finding the two cases "were not related regardless of the fact that they were consolidated for sentencing purposes." We agree with the initial statement that the record is unclear whether a formal order of consolidation was ever entered. We cannot, however, agree with the conclusion that these two cases were "consolidated for sentencing" as that phrase is used in § 4A1.2(a)(2).

Mr. Alberty bears the burden of demonstrating the existence of some formal order of transfer or consolidation in order to support his claim that these offenses were related. Having failed to point to anything in the record demonstrating the existence of such an order, his reliance on *United States v. Chapnick,* 963 F.2d 224 (9th Cir.1992), and *United States v. Delvecchio,* 920 F.2d 810 (11th Cir.1991), is misplaced.

In *Delvecchio,* the defendant's unopposed request that two prior cases be consolidated for sentencing pursuant to Fed.R.Crim.P. 20(a) was granted. Discussing *United States v. Dorsey,* 888 F.2d 79 (11th Cir.1989), *cert. denied,* 493 U.S. 1035, 110 S.Ct. 756, 107 L.Ed.2d 772 (1990), the court concluded "the language of the guidelines obligated the sentencing court to treat the [prior convictions] as a single conviction." *Delvecchio,* 920 F.2d at 812. Similarly, in *Chapnick,* although the defendant's two prior convictions were not consolidated by a formal court order, there was a formal transfer order from one court to another for purposes of sentencing, a fact conceded by the government. *Chapnick,* 963 F.2d at 226, 228. The court rejected the government's argument that "an order transferring a case for sentencing together with another case *and* identical consolidated sentences [coupled with identical concurrent sentences imposed by the state court] can never be enough to render the cases 'consolidated for sentencing.'" *Id.* at 229 (emphasis in original). On the facts of that case, the court concluded the cases were related under § 4A1.2(a)(2).

The common attribute of these decisions is that the prior cases were before the same court for sentencing because of an express judicial order of either consolidation or transfer, and not for reasons such as judicial economy or convenience of the parties, which we discussed in *United States v. Villarreal,* 960 F.2d 117, 119 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 166, 121 L.Ed.2d 114 (1992). Because Mr. Alberty has failed to carry his burden of demonstrating the existence of such an order, we find *Delvecchio* and *Chapnick* distinguishable.

To be sure, our precedents impliedly suggest a formal judicial order is sufficient, but not necessary, to permit a finding that prior cases were "consolidated for sentencing." *E.g., Gary,* 999 F.2d at 479–80 (finding the

defendant failed to point to any other facts and circumstances to support a finding of relatedness); *Villarreal,* 960 F.2d at 119–21 (same).[4] In this case, however, even in the absence of a formal order, the district court's finding that Mr. Alberty's two prior offenses were unrelated is not clearly erroneous. The district court concluded the two juvenile convictions were handled on the same date "for the convenience of the courts and frankly for the convenience of the defendant." This does not suggest any type of factual nexus between the offenses. Moreover, the fact that Mr. Alberty received concurrent sentences on both offenses does not mandate a contrary finding, *see Villarreal,* 960 F.2d at 119 n. 4 (" 'Consolidation for sentencing' does not arise from the occurrence of sentencing to concurrent sentences"); *accord Gary,* 999 F.2d at 479, especially when the two charges retained separate docket numbers. *See Villarreal,* 960 F.2d at 120.

In sum, on the present state of the record, we cannot say that the facts and circumstances surrounding Mr. Alberty's prior offenses compels the conclusion that those offenses were treated together because they were "consolidated for sentencing." The district court's finding that Mr. Alberty's two prior offenses were unrelated is not clearly erroneous.

### B.

There is another reason why we are compelled to reject Mr. Alberty's argument in this case. Our precedents uniformly require, at least in cases not involving a formal order of consolidation or transfer, the defendant to show a factual nexus between the prior offenses to demonstrate they are "related." *See Gary,* 999 F.2d at 480 (stating in dicta that prior convictions stemming from

criminal activity that took place on separate occasions and that lacked any connection to each other to be unrelated); *Villarreal,* 960 F.2d at 121 (finding two prior convictions unrelated because there was no factual nexus between the offenses), *id.* at 120 (citing *United States v. Metcalf,* 898 F.2d 43, 46 (5th Cir.1990), for the proposition that two cases "not factually tied in any way" and not sentenced pursuant to a formal order of consolidation were unrelated).[5] Trial counsel for Mr. Alberty conceded these two cases were not factually related at sentencing, a seemingly appropriate concession given the lack of any connection between the prior offenses.

### CONCLUSION

Mr. Alberty has failed to persuade us that the district court committed clear error in rejecting his claim that his two prior juvenile offenses were related, that is, were "consolidated for sentencing" for purposes of § 4A1.2(a)(2). Therefore, it was not error to assess Mr. Alberty two criminal history points for each offense under § 4A1.1(b). Accordingly, the sentence imposed is **AFFIRMED.**

---

4. Other circuits seem to require a formal judicial order as a prerequisite to a finding that prior offenses were related. *See United States v. Russell,* 2 F.3d 200, 204 (7th Cir.1993) ("there must be a judicial determination by the sentencing judge that the cases are to be consolidated, treated as one, for sentencing purposes"; "[w]ithout something in the record to show there was a judicial decision that the prior cases were so related as to justify consolidation for the purpose of the sentence," the district court did not err in finding the offenses unrelated); *United States v.*

*McComber,* 996 F.2d 946, 947 (8th Cir.1993) (cases are not related under § 4A1.2(a)(2) "if the cases proceeded to sentencing under separate docket numbers, and there was no formal order of consolidation") (citations omitted).

5. We express no opinion on whether prior cases that were handled pursuant to a formal order, but were not factually related, are in fact "related" under § 4A1.2(a)(2). Neither *Gary, Villarreal* nor the case at bar, presented this question, and we save it for another day.