**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BRIAN EUGENE BAXTER, a/k/a
BARNEY BAXTER,

      Defendant - Appellant.

No. 02-8104
(D.C. No. 02-CR-005-4-J)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY** and **HARTZ**, Circuit Judges.

On May 17, 2002, Defendant-Appellant Brian Eugene Baxter ("Defendant")

was charged with conspiracy to traffic in methamphetamine, in violation of 21

U.S.C. §846, 841(a)(1), and 841(b)(1)(A). He pled guilty pursuant to a plea

agreement with the United States and was sentenced on October 18, 2002 to 360

months imprisonment, a $5,000 fine, and 5 years supervised release. Defendant is

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

presently in federal custody and appeals his sentence on two grounds: (1) that the district court clearly erred in applying a "leader or organizer" enhancement to Defendant's sentence pursuant to U.S.S.G. §3B1.1(a), and (2) that the district court clearly erred in finding Defendant's prior sentences "unrelated" for purposes of U.S.S.G. §4A1.1 and thus ultimately applying the "career offender" criminal history category of VI. For the following reasons, we conclude that the district court did not commit clear error on either issue and thus AFFIRM.

## I.      "Leader or Organizer" Enhancement

The district court found that Defendant was a "leader or organizer" of a criminal activity involving five or more participants and thus applied a four offense level enhancement under U.S.S.G. § 3B1.1(a) (2001). We review this determination for clear error. United States v. Cruz-Camacho, 137 F.3d 1220, 1223-24 (10th Cir. 1998). The government bears the burden of proving by a preponderance of the evidence that Defendant is a leader or organizer pursuant to this guideline. United States v. Mays, 902 F.2d 1501, 1502-03 (10th Cir. 1990).

U.S.S.G. §3B1.1(a) provides that if a defendant was an "organizer or leader of a criminal activity that involved five or more participants," the offense level is increased by four levels. Note 3 of the Commentary to §3B1.1 sets forth several factors that the court should consider, including:

the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

A defendant need not be both a leader and an organizer for the court to assess the four level enhancement; it is sufficient that either role was assumed. To be a "leader," the defendant must have exercised control over at least one person, Cruz-Camacho, 137 F.3d at 1224, but to be an "organizer," the defendant need not have exercised control at all. United States v. Valdez-Arieta, 127 F.3d 1267, 1270 (10th Cir. 1997)(interpreting "organizer" under §3b1.1(c), which contains identical term as §3b1.1(a)). The defendant can be sentenced as an "organizer" for "devising a criminal scheme, providing the wherewithal to accomplish the criminal objective, and coordinating and overseeing the implementation of the conspiracy[.]" Id. at 1272.

Defendant argues that he was neither a leader nor an organizer, but merely a buyer and seller of drugs. While it is true that §3B1.1(a) cannot be proven by the indication of a mere buyer/seller relationship, see Mays, 902 F.2d at 1503, the district court in this case found facts sufficient to prove that Defendant's role was much more extensive than that of a mere buyer or seller of narcotics.

The district court stated that the preponderance of the evidence demonstrated that Defendant was a leader or an organizer based on several facts:

he had rented out apartments for the storage and distribution of the drugs, he had used his underlings' names in distributions for the purpose of diverting interest away from himself, he had agreed to take control of the operation at the request of another party, he had arranged pick-ups and drop-offs,[1] he had used several people as "second lieutenants" in the drug distributions, he had netted profits without ever touching the drugs and even while out of state for a period, and he had placed another person in charge of the trafficking system. (ROA Vol. V at 34-37, 40, 43, 47.) The record provides more than adequate support for these undisputed facts, and actually contains further evidence of both control and organization on the part of Defendant.[2] The district court did not commit clear

---

[1]Specifically, the court explained Defendant's arrangement as follows: "As part of this, Baxter arranged for Reynolds to supply the methamphetamine to a drop point outside of Colorado. Then Sandy was arranged to pick up the methamphetamine and transport it to Greeley, where a second female, identified as Peckham Patty or Looney Toons, would assist Sandy in the distribution of methamphetamine to Baxter's two main customers, Ferguson and Cooper. This was the network to transport from outside Colorado . . . to the Greeley area and to place it in the hands of significant customers without Baxter ever laying a finger on it and for the money to be collected and flow back." (ROA Vol. V at 35.)

[2]For example, Defendant's proffer referred to people as "mules" and "footsoldiers" and provides that he used those people to deliver drugs and then pay him profits for each delivery. He also received a disproportionate share of revenues and hired and fired people who worked for him. The record also provides evidence of an argument between Defendant and another person for "control" and an instance where Defendant bragged about having "little bitches and whores" that were dealing drugs for him.

error in determining that the preponderance of the evidence points to Defendant's role as a leader or organizer, and we thus AFFIRM.

## II.  "Related" Prior Sentences for Criminal History Determination

In its determination of Defendant's criminal history category under §4A1.1(a), the district court added three points each for three prior sentences because it found them "unrelated" under § 4A1.2(a)(2).  As a result, the court found the offense level to be category VI, pursuant to the career offender guideline, §4B1.1.  Defendant appeals this finding, arguing that the three prior sentences were "merged or consolidated" and thus should not be considered separately as "unrelated."

We review the district court's factual findings supporting a sentence enhancement for clear error, but we review the court's application of the Guidelines to those facts de novo.  United States v. Pelliere, 57 F.3d 936, 940 (10th Cir. 1995).  Because the court's determination that prior sentences are "related" is a factual question, we review it under the clear error standard.  United States v. Alberty, 40 F.3d 1132, 1133 (10th Cir. 1994).  However, the ultimate determination of "[w]hether a defendant was erroneously classified as a career offender is a question of law subject to de novo review."  United States v. Zamora, 222 F.3d 756, 763 (10th Cir. 2000).  The defendant bears the burden of

demonstrating that his prior offenses were "related" under the Guidelines. Alberty, 40 F.3d at 1134.

The Sentencing Guidelines provide that three points are to be added to the criminal history score for each prior sentence of imprisonment exceeding one year and one month. U.S.S.G. §4A1.1(a). "Prior sentences imposed in unrelated cases are to be counted separately," while "[p]rior sentences imposed in related cases are to be treated as one sentence." U.S.S.G. §4A1.2(a)(2). "Prior sentences are related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." U.S.S.G. §4A1.2, comment n. 3; United States v. Guerrero-Hernandez, 95 F.3d 983, 986-87 (10th Cir. 1996). If the court has made a factual determination that the prior sentences were "unrelated," then they are also counted separately for purposes of determining "career offender" status. A defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4B1.1. The term "two prior felony convictions" is defined to mean that the sentences were counted separately as unrelated under §4A1.1. U.S.S.G. §4B1.2(c).

If a defendant argues that the prior convictions were "consolidated" for sentencing and thus "related," he or she bears the burden of showing that they were heard together because of an "express judicial order of consolidation or transfer and not for reasons such as judicial economy or convenience of the parties." Alberty, 40 F.3d at 1134-35. It is not enough that the sentences were "informally consolidated." Guerrero-Hernandez, 95 F.3d at 987; see also United States v. Ciapponi, 77 F.3d 1247, 1252-53 (10th Cir. 1996). If the defendant cannot furnish such formal proof of consolidation, he or she must demonstrate "a factual nexus between the prior offenses to demonstrate they are 'related.'" Guerrero-Hernandez, 95 F.3d at 987 (quoting Alberty, 40 F.3d at 1135). It is not sufficient to show that the sentences were issued on the same day, United States v. Wilson, 41 F.3d 1403, 1405 (10th Cir. 1994), or that they were issued to run concurrently. Ciapponi, 77 F.3d at 1253. The defendant's task is even tougher when the sentences are issued under different docket numbers. Alberty, 40 F.3d at 1135.

Defendant in the instant case argues that his three prior sentences were "merged or consolidated" and thus "related" for the purposes of counting criminal history points in §4A1.1. He points to the fact that the three sentences were imposed on the same day, in the same proceeding, and were issued concurrently.

He also notes that all of the pleadings for each case reference each of the other docket numbers.

As the district court correctly pointed out, Defendant has never provided a formal order of consolidation. Therefore, Defendant has failed to meet his burden of proving that these sentences were formally consolidated, rather than simply heard together for convenience and judicial economy. See Alberty, 40 F.3d at 1135. Additionally, the convictions carried different docket numbers, were for occurrences on different days and at different locations, and involved the sales of different drugs. Therefore, there is no factual nexus between the sentences. See Guerrero-Hernandez, 95 F.3d at 987; Ciapponi, 77 F.3d at 1252-53; Wilson, 41 F.3d at 1405; Alberty, 40 F.3d at 1135. The district court did not commit clear error in holding that the preponderance of the evidence demonstrated that the three prior sentences were "unrelated" and thus to be counted separately under §4A1.1 and §4B1.1. We AFFIRM the sentence on these grounds.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 8 -