**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 17, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

OMAR MOHAMMED,

    Defendant-Appellant.

No. 04-2033
(D. N.M.)
(D.Ct. No. CR-03-569-JB)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Omar Mohammed pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a).  He appeals his characterization as a career offender based on two prior convictions, which he contends the district court should have counted as one prior conviction.  Mr. Mohammed also appeals the district court's mandatory application of the United States Sentencing Commission, *Guidelines Manual* (U.S.S.G.), which he contends is in violation of *United States v. Booker,* 543 U.S. ___, 125 S. Ct. 738 (2005).  We exercise jurisdiction pursuant to 18 U.S.C. § 3742 (a) and 28 U.S.C. § 1291, and affirm.

## I. Background

After Mr. Mohammed pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a), a federal probation officer prepared a presentence report in which she recommended sentencing Mr. Mohammed under U.S.S.G. § 4B1.1 as a career offender, based on two prior felony convictions for aggravated battery and robbery.  With respect to the first prior conviction, on November 9, 1992, Mr. Mohammed pled guilty to aggravated battery in the Second Judicial District Court, Bernalillo County, Albuquerque, New Mexico, as charged in the indictment in Case Number D-202-CR-9102126, for a crime he committed one year earlier, on November 16, 1991.  On the same day, November 9, 1992, Mr. Mohammed also pled guilty to the second crime in the same court, as charged in

the indictment in Case Number D-202-CR-9201080, for a robbery he committed on March 7, 1992. Also on November 9, 1992, he agreed the underlying sentences for those charges would run concurrent with one another, and the state district court conducting the sentencing explicitly recognized the two matters involved different offenses, committed on different days, in separate indictments, with separate case numbers. While the state district court imposed a sentence of three years for those offenses, it did not make reference to a "concurrent" sentence. After determining these crimes constituted two separate convictions for the purposes of the career offender guideline, U.S.S.G. § 4B1.1, the probation officer increased Mr. Mohammed's offense level to 32; she then reduced it three levels for acceptance of responsibility, for a total offense level of 29, which, together with his criminal history of VI, resulted in a total Sentencing Guidelines range of 151 to 188 months imprisonment.

At the sentencing hearing, Mr. Mohammed raised an objection to the application of the career offender guideline, arguing his two prior convictions for aggravated battery and robbery did not involve an intervening arrest as required under § 4A1.2, application note 3, and instead were consolidated for plea and sentencing purposes, making them "related" under the same application note. After introducing the judgment and plea agreements for both convictions, Mr.

Mohammed explained to the district court that he was in jail on the aggravated battery charge when he robbed another inmate, and that even though he was charged for that robbery, he was not separately arrested because he was already in custody on the battery charge. In response, the probation officer explained she received information from the Corrections Department which established two separate arrests occurred and that the judgments introduced at the sentencing hearing clearly established the separate dates the crimes were committed and that the court processed them under different case numbers. The probation officer also explained she contacted the state district court's office on several occasions and spoke with the supervisor to ensure no consolidation order was ever filed.

In making the determination the offenses constituted two prior convictions under § 4B1.1, the federal district court stated:

> I think the commentary indicates prior sentences are not considered related if they were offenses that were separated by an intervening arrest; i.e., the defendant was arrested for the first offense before committing the second offense. Even if Mr. Mohammed was in custody at the time that he was charged with the second offense, he was arrested for the first offense before committing the second offense. I don't see anything that indicates these cases were consolidated, that ... [t]hey were simply sentenced as far as the record before the court. The sentencing for these two offenses occurred at the same time. The arrests were the results of two separate incidents on ... unrelated charges: One for aggravated battery, and one for robbery. And I do not think the prior sentences should be considered related because of the intervening arrest that occurred.

-4-

The district court then reduced Mr. Mohammed's sentence for acceptance of responsibility. After hearing compelling testimony from a victim bank teller describing the impact the instant robbery had on her, the district court determined the applicable Guidelines range was 151 to 188 months imprisonment and announced it was imposing a 188-month sentence. In response, Mr. Mohammed's counsel requested a sentence at the low end of the Guidelines range, pointing out the presentence report suggested no victim-related adjustment, to which the district court responded, "[i]t is ordered that the sentence is imposed as the Court has stated it."

On appeal, Mr. Mohammed suggests the district court erred in ruling the intervening charge between his two prior crimes equaled an intervening arrest for the purposes of § 4A1.2, application note 3, and failed to consider the fact the two prior cases were later consolidated into one proceeding for the plea and sentencing hearing. Based on these alleged errors, Mr. Mohammed contends the district court erred in sentencing him as a career offender under § 4B1.1. However, he does not discuss the fact the judgment and amended judgment impose only one sentence for both offenses, without any reference to a "concurrent" sentence. The government, without any support in the record on appeal, merely states the state court "ordered the sentences to run concurrently

under the separate docket numbers."

Finally, in a supplemental brief, Mr. Mohammed contends for the first time on appeal that the district court committed plain error by sentencing him under a mandatory, rather than an advisory, Guidelines system, in violation of *United States v. Booker*.

## II. Discussion

### A. Prior Convictions

Since Mr. Mohammed filed his appeal, the Supreme Court issued *Booker*, which applies its ruling in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), to the Federal Sentencing Guidelines. 543 U.S. at ___, 125 S. Ct. at 755-76. In *United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005), we held that under *Booker* the government is not required to charge in an indictment or prove to a jury either: 1) the existence of prior convictions; or 2) their classification. *Id.* at 1221, 1224-25 (relying, in part, on *United States v. Moudy*, 132 F.3d 618, 619 (10th Cir. 1998), which states "[r]eview of a sentence enhancement under the Armed Career Criminal Act is a legal issue subject to de novo review").

With respect to the existence of prior convictions, *Booker* patently

reaffirms Supreme Court precedent that a prior conviction is an exception to factual jury submissions by stating, "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at ___, 125 S. Ct. at 756 (emphasis added). Thus, it is clear the government did not need to charge the "fact" of Mr. Mohammed's prior convictions in the indictment or submit it to a jury. *See Moore*, 401 F.3d at 1224.

With respect to the characterization of prior convictions, we have determined it involves a question of law and not fact, so it does not implicate the Sixth Amendment for the purpose of requiring the characterization of the offense to be charged in the indictment and proven to a jury. *See id.* at 1224-26. More specifically, "[w]hether a defendant was erroneously classified as a career offender is a question of law subject to de novo review." *United States v. Zamora,* 222 F.3d 756, 763 (10th Cir. 2000). Thus, we can readily conclude the district court, and not a jury, should have determined any issue with respect to the classification of Mr. Mohammed as a career offender. Given the district court was the appropriate entity to determine Mr. Mohammed's classification as a career offender, the only issue left is whether it made the correct determination on

that issue.

The career offender provisions in the Sentencing Guidelines, Chapter 4, Part A, explain how prior felony convictions are counted. *See also* § 4B1.2, cmt. n.3. In advising how felony convictions are counted, § 4A1.2(a)(2) suggests the courts look at the sentences imposed, and if they are imposed in unrelated cases they should be counted "separately," but "[p]rior sentences imposed in related cases are to be treated as one sentence for the purposes of § 4A1.1(a), (b), and (c)." In determining whether prior sentences are "related," the applicable Guidelines provision instructs:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

§ 4A1.2, cmt. n.3. This application note, which speaks only in terms of "sentences" imposed for the purpose of determining whether to apply the career offender provisions, clearly instructs that if the prior offenses are separated by an intervening arrest, the other factors are not relevant to our inquiry. *See also United States v. Asberry*, 394 F.3d 712, 718-19 (9th Cir.), *cert. denied*, ___ S. Ct. ___, 2005 WL 1671542 (U.S. Oct. 3, 2005) (No. 05-5109). However, in the event

no intervening arrest occurred, we have held the defendant bears the burden of demonstrating the existence of the other factors, including whether some formal order of transfer or consolidation supports the claim the offenses are related. *See United States v. Alberty*, 40 F.3d 1132, 1134 (10th Cir. 1994). While a formal judicial order is sufficient to permit a finding prior cases were "consolidated for sentencing," we have held it is not necessary. *Id.* However, in cases not involving a formal order of consolidation or transfer, the defendant must show a factual nexus between the prior offenses to demonstrate they are "related." *Id.* at 1135. We review a district court's functional consolidation determination deferentially. *See Buford v. United States*, 532 U.S. 59, 66 (2001). We have held the fact a district court handles two convictions on the same day for the convenience of the court and defendant, and then issues concurrent sentences on those offenses, does not *per se* establish a factual nexus between the offenses or establish they were "consolidated for sentencing," "especially when the two charges retained separate docket numbers." *Alberty*, 40 F.3d at 1134-35. *See also United States v. Guerrero-Hernandez*, 95 F.3d 983, 987 (10th Cir. 1996); *United States v. Wilson*, 41 F.3d 1403, 1405 (10th Cir. 1994). In addition to these factors, we recognize other courts have considered additional factors to determine whether the convictions are related, including whether they involve the same or similar offenses which are treated a single plea agreement or in the same

indictment or information.  *See, e.g., Asberry*, 394 F.3d at 719 (considering various factors for consolidation as contemplated in the Ninth Circuit); *United States v. Huskey*, 137 F.3d 283, 285-88 (5th Cir. 1998) (reviewing other circuit decisions and factors on consolidation issues).  Finally, "[w]e are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (quotation marks and citation omitted).

Applying these principles, we begin by noting Mr. Mohammed incorrectly suggests the district court ruled the intervening "charge" between his two prior crimes equaled an intervening "arrest" for the purposes of U.S.S.G. § 4A1.2, application note 3.  Instead, the district court explicitly determined an intervening arrest occurred, apparently basing its determination on the evidence presented at the sentencing hearing, including the probation officer's statements and the judgment and amended judgment which described two separate prior offenses and convictions thereon.  The district court obviously rejected Mr. Mohammed's argument no intervening arrest technically occurred, given he was already in custody for the previous crime, and further rejected his consolidation theory, determining nothing "indicates these cases were consolidated."  Even if we were

to accept Mr. Mohammed's lack of intervening arrest argument, he has not demonstrated, with respect to his consolidation argument, either the existence of some formal order of transfer or consolidation, or any factual nexus between the prior offenses. *Alberty*, 40 F.3d at 1134-35. He has also not shown the district court's decision to handle the two offenses on the same day involved anything more than issues of judicial economy and convenience. Rather, the judgment and amended judgment plainly show two separate, unrelated offenses (aggravated battery and robbery), charged in separate indictments, under different docket numbers, for different crimes which occurred almost four months apart, to which he pled guilty. The only factor largely weighing in Mr. Mohammed's favor is that neither the judgment nor amended judgment specifically refer to more than one sentence or "concurrent" sentences, even though the parties explicitly agreed the sentences for the two offenses should run concurrently. Instead, the judgment and amended judgment appear to enter a singular sentence of three years. It is unclear from the record on appeal whether the state district court inadvertently omitted discussion of separate sentences, concurrent or otherwise. However, even though § 4A1.2 and application note 3 speak only in terms of "sentences" in the plural, and not singularly, in determining whether to apply the career offender provisions, we note they are now only advisory. *See Booker*, 543 U.S. at ____, 125 S. Ct. at 757. In addition, Sentencing Guidelines Chapter 4, Part B, which

also addresses career offender criteria and applies to Mr. Mohammed, speaks in terms of the number of prior convictions, and not sentences, for the purpose of determining if an individual qualifies as a career offender. *See, e.g.*, § 4B1.1(a) & cmt. n.1, and § 4B1.2(c). In this case, it is clear Mr. Mohammed received two separate, prior convictions for aggravated battery and robbery under separate docket numbers, regardless of how his sentencing was imposed on the same day. Considering the issue *de novo*, in view of the applicable law and particular circumstances involved in this case, we conclude the district court did not err in applying both prior convictions for the purpose of characterizing Mr. Mohammed as a career offender.

## B. Mandatory Sentencing

In this case, the district court applied the applicable Guidelines range of 151 to 188 months imprisonment, and imposed a 188-month sentence. We consider whether the district court committed a non-constitutional *Booker* error by mandatorily applying the Sentencing Guidelines, which we review for plain error, given Mr. Mohammed failed to raise it before the district court. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir.), *petition for cert. filed*, (U.S. Sep. 6, 2005) (No. 05-6407). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the

fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks and citation omitted).

In reviewing Mr. Mohammed's sentence, it is clear the first two factors in our plain error analysis occurred, because the district court sentenced him under a mandatory sentencing scheme. *Id.* In reviewing the third factor, as to whether the error affected substantial rights, the burden is on Mr. Mohammed to show the error is prejudicial; *i.e.*, the error "'must have affected the outcome of the district court proceedings.'" *Id.* (citations omitted). In meeting this burden, he must show "'a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" *Id.* at 733 (citation omitted). Mr. Mohammed can meet this burden by demonstrating a reasonable probability that, under the specific facts of the case as analyzed under the sentencing factors in 18 U.S.C. § 3553(a), the district court would reasonably impose a sentence outside the Guidelines range. *See United States v. Dazey*, 403 F.3d 1147, 1175 (10th Cir. 2005). In *Dazey*, we explained a defendant might make such a showing "if during sentencing the district court expressed its view that the defendant's conduct, based on the record, did not warrant the minimum Guidelines sentence." *Id.* We have said "a defendant can show a non-constitutional *Booker* error affected substantial rights with evidence of (1) a disconnect between the § 3553(a) factors

and his sentence, and (2) the district court's expressed dissatisfaction with the mandatory Guidelines sentence in his case." *United States v. Clifton*, 406 F.3d 1173, 1181 (10th Cir. 2005).

In this case, nothing in the record indicates the district court would impose a lesser sentence under an advisory, rather than a mandatory, sentencing scheme. The district court sentenced Mr. Mohammed at the high end of the sentencing range at 188 months, declined his subsequent request to reduce it to the low end of that range at 151 months, and did not otherwise express a view his conduct warranted a lesser sentence. The fact the district court imposed a sentence at the top of the Guidelines range, even though it could have sentenced him anywhere within that range, supports our conclusion Mr. Mohammed has failed to meet his burden of showing the district court would impose a lesser sentence under an advisory Guidelines scheme. *See United States v. Ambort*, 405 F.3d 1109, 1121 (10th Cir. 2005). Thus, he fails to establish "'a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" *Id.* at 1118 (quotation marks and citations omitted).

III. Conclusion

For the foregoing reasons, we **AFFIRM** Mr. Mohammed's conviction and sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge