FILED
United States Court of Appeals
Tenth Circuit

March 23, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GERMAIN HARRIS,

    Defendant - Appellant.

No. 15-5084
(D.C. Nos. 4:14-CV-00745-GKF-PJC and
4:12-CR-00037-GKF-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Germain Harris seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion.[1] We deny a COA and dismiss the appeal.

**I**

As part of a murder investigation, police witnessed a suspect enter and exit an auto shop owned by Harris. Police obtained a search warrant based on an affidavit

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Harris filed a notice of appeal from the district court judgment. Because he may not appeal from a final order in a § 2255 proceeding without a COA, § 2253(c)(2), and because the district court did not grant a COA, we construe Harris' notice of appeal as a request for a COA. Fed. R. App. P. 22(b)(2).

stating that a firearm used in the murder or keys to the getaway vehicle may be located inside the shop.  The ensuing search did not uncover evidence related to the murder.  But the police did find cocaine, cocaine base, items used to manufacture and distribute cocaine base, a pistol, and ammunition.  Harris was indicted on several charges.  He moved to suppress evidence found during the search, arguing the officer's probable cause affidavit did not provide a sufficient nexus between the alleged criminal activity and the shop.  The court denied his motion.  A jury convicted Harris of drug manufacture, possession, and distribution charges, and of being a felon in possession of a firearm.  He was sentenced to 180 months' imprisonment.  Harris appealed and this court affirmed.  United States v. Harris, 735 F.3d 1187, 1194 (10th Cir. 2013).  Harris then filed a motion for relief under § 2255, which the district court denied.  This request for a COA followed.

**II**

We may issue a COA to appeal a final order denying § 2255 relief "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2).  A "substantial showing" exists if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Harris advances claims of ineffective assistance of trial and appellate counsel. To prevail, he must make a substantial showing that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by

the Sixth Amendment" and that " the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is prejudicial if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Harris complains the district court should have granted an evidentiary hearing so that he could demonstrate trial counsel failed to pursue testimony from an exculpatory witness. He claims the witness would have testified that Harris was not aware of the contraband or drug activities occurring in the auto shop, and identified another individual responsible for that contraband. Harris fails to directly identify the witness who would provide this testimony, but construing his pro se pleadings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), it appears likely Harris is referring to Alonzo Johnson—the suspect that entered the auto shop leading police to seek the search warrant. However, the district court determined that trial counsel's decision not to interview Johnson was reasonable given the circumstances as they existed at the time of the challenged conduct. In his request for a COA, Harris offers no argument challenging this determination as erroneous, nor does he explain how an evidentiary hearing would change the outcome.[2] Thus, he has not

---

[2] In a seemingly related argument, Harris suggests trial counsel failed to conduct relevant discovery and failed to interview a witness whose post-trial affidavit demonstrates a reasonable probability that his testimony would have changed the outcome of the trial. However, Harris does not identify what evidence counsel should have pursued. Nor does he indicate what the witness's affidavit states, what the testimony would have been, or why it likely would have changed the outcome of trial. Without more information, we are unable to conclude that counsel's failure to investigate was deficient or prejudicial. Similarly, Harris argues that appellate

-3-

made a substantial showing that counsel was ineffective for failing to interview Johnson.

Harris also contends appellate counsel was ineffective for failing to object to the trial court's application of the Armed Career Criminal Act ("ACCA"). The court concluded ACCA applied based on three drug convictions for drug sales Harris made to undercover officers on three separate occasions over a ten day period.[3] Harris argues that these convictions all resulted from the same "scheme and plan," and thus should have been treated as one offense for sentencing purposes. For support, Harris invokes United States v. Mohammed, 150 F. App'x 887 (10th Cir. 2005) (unpublished), in which the court addressed whether prior convictions are "related" under U.S.S.G. § 4A1.2. Mohammed, 150 F. App'x at 890. However, in United States v. Delossantos, 680 F.3d 1217 (10th Cir. 2012), we observed that § 4A1.2 is irrelevant in the ACCA context. Delossantos, 680 F.3d at 1220-21 n.3. We further held that multiple drug sales to undercover agents may be counted as separate convictions so long as the defendant "had a meaningful opportunity to cease his illegal conduct." Id. at 1220. The district court held that Harris had the requisite meaningful opportunity between his offenses, and he does not argue to the contrary

---

counsel filed the direct appeal before receiving a full trial transcript. But he does not explain how obtaining the full trial transcript before filing would have changed the outcome.

[3] Harris also argued below that his trial counsel was ineffective for failing to object to ACCA application. But, as the district court noted, Harris' trial counsel did object to Harris' classification as an armed career criminal, and the trial court rejected the very argument Harris made in his § 2255 motion.

in his request for a COA.  Thus, he has not made a substantial showing that appellate counsel was ineffective for failing to challenge the sentencing calculation on direct appeal.

Finally, Harris argues the district court improperly failed to order his trial or appellate counsel to respond to allegations raised in Harris' sworn affidavit.  He contends that absent a response, his allegations must be deemed admitted under Fed. R. Civ. P. 36.  Even if we were to apply Rule 36 to this § 2255 proceeding, see § 2255 Rule 12, and construe Harris' affidavit as a request for admission, Harris' argument fails because the district court did consider a responsive affidavit from Harris' trial counsel.  Moreover, Harris does not identify what sworn statements the district court allegedly discredited.  Thus, Harris has not made a substantial showing that he was denied a constitutional right.

### III

We **DENY** a COA and **DISMISS** the appeal.  Harris' motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge